CHRISTOPHER J. PASSARELLI, SBN 241174
JOY L. DURAND, SBN 245413
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Ste. 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
JC WAUGH WINE CO. LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| JC WAUGH WINE CO. LLC, | CASE NO. |
|---|---|
| Plaintiff, | **COMPLAINT** |
| vs. | 1. **Trademark Infringement** |
| | 2. **Unfair Competition** |
| BRONCO WINE COMPANY, PANTHER ROCK WINES, LLC, CLASSIC WINES OF CALIFORNIA, BARREL TEN QUARTER CIRCLE, INC. and DOES 1-14, | 3. **Derivative Trademark Infringement** |
| | 4. **California Unfair Business Practices and False Advertising** |
| | 5. **Cancellation of Registration** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff, JC Waugh Wine Co. LLC ("Waugh" or "Plaintiff"), for its complaint against

Defendants, Bronco Wine Company, Panther Rock Wines, LLC, Classic Wines of California,

Barrel Ten Quarter Circle, Inc. and DOES 1-14 (collectively, "Defendants") alleges as follows:

## NATURE OF ACTION

1. This is an action for federal trademark infringement and unfair competition (15 U.S.C.

§ 1125(a)), derivative trademark infringement, violation of the California Business and

Professions Code § 17200, *et seq.*, § 17500, *et seq.*, and § 25241, and cancellation of

Defendants' registered SIX DEGREES trademark as the result of willful and

unauthorized use by Defendants of colorable imitations of Plaintiff's SIX DEGREES

trademark, as more fully set forth hereinafter.  Plaintiff seeks permanent injunctive relief restraining Defendants' infringement of Plaintiff's trademark, monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff, JC Waugh Wine Co. LLC is a California limited liability company with its principal place of business located at 2275 Soda Canyon Road, Napa, CA 94558.

3. Upon information and belief, Defendant, Bronco Wine Company ("Bronco"), is a California corporation having a corporate address at P.O. Box 798, Ceres CA 95307 and places of business in Ceres and Napa, California.

4. Upon information and belief, Defendant, Panther Rock Wine Company, LLC ("Panther Rock"), is a California limited liability company with its principal place of business located at 6342 Bystrum Road, Ceres CA 95307.

5. Upon information and belief, Defendant, Classic Wines of California ("Classic Wines"), is a California corporation having a corporate address at P.O. Box 798, Ceres CA 95307 and places of business in Ceres and Napa, California.

6. Upon information and belief, Defendant, Barrel Ten Quarter Circle, Inc. ("Barrel Ten") is a California corporation with its principal place of business located at 6342 Bystrum Road, Ceres CA 95307.

7. Plaintiff is currently ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 14, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint when the true names and capacities of said defendants have been ascertained. Plaintiff is informed and believes and based thereon alleges that said DOES, and each of them, are legally responsible in some manner for the events and happenings referred to herein, and proximately caused or contributed to the injuries and damages to Plaintiff as herein alleged.

COMPLAINT                                    2                                    CASE NO.

8. Upon information and belief, each and every defendant herein is or was the agent and/or employee of the remaining defendants, and in doing the things herein alleged acted within the course and scope of said agency and employment.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. § 1051, *et seq*. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

10. Upon information and belief, Defendants are located within the State of California, and either directly or through their agents transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected their acts to have consequence in the State of California and within this judicial district.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), as Defendants are residents doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

12. Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to be assigned on a district-wide basis.

## ALLEGATIONS COMMON TO ALL CLAIMS

13. Plaintiff is the owner of the trademark SIX DEGREES for wine, as well as the owner of the federal Trademark Application Serial No. 8752727 for the mark SIX DEGREES for

wine in International Class 33, having a first use in commerce date of August 3, 2007.

14. On or around September 13, 2006, Plaintiff's founder registered the Internet URL <sixdegreeswine.com> and has since registered the additional Internet URLs: <sixdegreeswines.com>, <6degreeswine.com> and <6degreeswines.com>.

15. Plaintiff has produced California wine under the SIX DEGREES mark since 2005, and Plaintiff offers this wine for sale to consumers in 27 states throughout the U.S., including the State of California (see Exhibit A hereto - Plaintiff's original April 1, 2007 COLA application). In 2015, Plaintiff sold 4,860 bottles of SIX DEGREES brand wine with a retail value of over \$447,000. From August 3, 2007 through December 31, 2015 Plaintiff has sold approximately 37,484 bottles of SIX DEGREES brand wine nationwide, resulting in sales in excess of \$3.1 Million.

16. Plaintiff's SIX DEGREES wine has been favorably reviewed, including a positive review in 2008 by acclaimed wine critic Steven Heimhoff, a score of 90 points in the *Wine Enthusiast* and an average rating of 91.3 points on <cellartracker.com>.

17. Plaintiff has engaged in significant efforts to optimize search engine results for Plaintiff's SIX DEGREES wine, such that upon information and belief, Plaintiff enjoys a premier position among organic search results on established search engines, and Plaintiff's SIX DEGREES is the first unsponsored web search result for "six degrees wine" on most major commercial search engines, including: Google, Bing, Yahoo, Ask.com and dogpile.

18. As evidenced by Plaintiff's sales and recognition for its SIX DEGREES wine, Plaintiff owns extremely valuable goodwill in its SIX DEGREES mark for wine, and the mark has extraordinary financial value.

19. Plaintiff's SIX DEGREES mark for wine is inherently distinctive.

COMPLAINT                                    4                                    CASE NO.

20. As a result of the widespread, continuous distribution, promotion, sale and critical acclaim of Plaintiff's SIX DEGREES brand wine, the SIX DEGREES mark has also acquired distinctiveness among wine consumers.

21. Upon information and belief, subsequent to Plaintiff's date of first use of SIX DEGREES in commerce, Defendant Bronco filed Trademark Application Serial No. 85407428 for the mark SIX DEGREES on the basis of Intent-to-Use, which application matured into Reg. No. 4407566 on September 24, 2013.

22. Upon information and belief, from about January 10, 2013 to date, Defendants have sold and distributed, and continue to sell and distribute SIX DEGREES brand wine to various consumers and retailers that sell alcohol beverage products throughout the U.S. and in California, including in this judicial district. For example, Defendants' SIX DEGREES wine is currently listed for sale on the websites of one or more internet wine retailers, such as www.corkstork.com.

23. Upon information and belief, prior to filing Application Ser. No. 85407428 and prior to adopting the SIX DEGREES mark for wine, Defendants were aware or should reasonably have been aware of Plaintiff's use in commerce of the SIX DEGREES mark for wine.

24. Upon information and belief, prior to filing Application Ser. No. 85407428 and prior to adopting the SIX DEGREES mark for wine, Defendants conducted a trademark clearance search which was limited to the USPTO register, but Defendants did not conduct a search for identical marks in the publicly available database of Certificates of Label Approval ("COLAs") of the Alcohol and Tobacco Tax and Trade Bureau ("TTB"), and did not conduct a search of Internet search engines, such as that located at <google.com>, although they nevertheless could easily have done so, and although it is

COMPLAINT 5 CASE NO.

reasonably customary for individuals and companies in the wine industry like Defendants to do so prior to adopting a new brand.

25. Upon information and belief, prior to filing Application Ser. No. 85407428 and prior to adopting the SIX DEGREES mark for wine, Defendants were aware of one or more third parties who used or were using the mark SIX DEGREES and/or similar variations of the mark in connection with alcohol beverage products.

26. Defendants' SIX DEGREES trademark is confusingly similar to Plaintiff's SIX DEGREES mark given that Defendants' mark is identical in appearance, sound and connotation to Plaintiff's, and the goods offered by Defendants under the SIX DEGREES mark are identical to those of Plaintiff, namely, California wine.

27. From a time subsequent to Defendants' first use of the SIX DEGREES mark in commerce, Plaintiff has become aware of numerous instances of actual confusion in the marketplace regarding Defendants' SIX DEGREES wine, including:

    (a)    Internet website statements, e.g., on <winesearcher.com>, erroneously stating that Plaintiff's founder, Ryan Waugh, is the winemaker responsible for Defendants' SIX DEGREES wine, creating a false association between Plaintiff and Defendants (Exhibit B hereto);

    (b)    Commingled Internet search engine search results, e.g., on <google.com> which place Defendants' SIX DEGREES branding alongside Plaintiff's SIX DEGREES branding within the search results in a manner likely to create or exacerbate likelihood of confusion (Exhibit C hereto);

    (c)    Repeated wayward email inquiries directed to Plaintiff from potential customers requesting Defendants' SIX DEGREES wines and varietals offered by Defendants (but not Plaintiff) under the mark;

COMPLAINT                                    6                                    CASE NO.

(d) Numerous repeated consumer inquiries directed at Plaintiff's website from potential customers requesting SIX DEGREES varietals offered by Defendants, but not available from Plaintiff;

(e) Repeated telephone inquiries, including a recorded voice message, directed at Plaintiff's business from potential customers regarding Defendants' SIX DEGREES wine (as recently as August, 2016); and

(f) Confusion even amongst sophisticated wine consumers, including Plaintiff's own wine club members, as to the source of Defendants' SIX DEGREES wine encountered in the marketplace (as recently as November 6, 2016).

28. Upon information and belief, Defendants have indicated on their SIX DEGREES products and advertising in an ambiguous, misleading manner that SIX DEGREES wine originates in Napa, California, which geographic designation has given rise to widespread, uncorrected false consumer impression that Defendants' SIX DEGREES is a "Napa Valley" varietal wine (see, e.g., Exhibit D hereto), which false or misleading designation is favorable to and encouraged by Defendants due to the increased perceived consumer value associated with the viticultural significance of the designations "Napa" and "Napa Valley"; and coupled with the fact of both parties' physical presence within Napa County, California, this further misleads consumers and exacerbates the likelihood of confusion as to source of the parties' respective products.

29. Upon information and belief, despite having been placed on notice by Plaintiff regarding the misleading "Napa" and "Napa Valley" geographic designations, and the resulting consumer misimpression regarding the origin of Defendants' SIX DEGREES wine, Defendants over the course of several months have taken no steps to correct the false or misleading "Napa" and "Napa Valley" geographic designations in advertising

for the infringing SIX DEGREES wine, nor the resulting consumer misimpression, and such false advertising continues to date.

30. On or about May, 2016, Plaintiff first learned of Defendants' infringing SIX DEGREES wine and in June, 2016, Plaintiff initiated discussions with Defendants via counsel regarding Plaintiff's claim of superior right to the SIX DEGREES mark, as well as the repeated instances of apparent actual confusion in the marketplace and options for amicable resolution between the parties.

31. On May 27, 2016, Plaintiff filed Trademark Application Ser. No. 87052727 for the mark SIX DEGREES, which application has since been refused registration by the USPTO due to Defendants' Reg. No. 4407566 on the basis of a likelihood of confusion under Section 2(d) of the Trademark Act.

32. From June through November, 2016, Ryan Waugh and Crystal Waugh met multiple times with Defendants' representatives to discuss avenues for resolution, but were unable to reach an agreement. Plaintiff in good faith provided Defendants with unreciprocated information and documents attendant to such meetings on a confidential basis in order to prove to the Defendants the nature of Plaintiff's superior rights to the SIX DEGREES mark and Plaintiff's damages due to Defendants' adoption and use of the infringing SIX DEGREES mark, including:

    (a)    Evidence of each of Plaintiff's COLAs and tasting notes for each vintage of SIX DEGREES wine going back to Plaintiff's inaugural 2005 vintage;

    (b)    Evidence of Plaintiff's priority over apparent third party users of identical and/or similar SIX DEGREES marks and variations;

    (c)    Information regarding Plaintiff's founders, Ryan and Crystal Waugh, their family, and their ongoing efforts to build a wine business from a small startup company in 2001;

(d)     Information regarding actual confusion in the marketplace as between the parties' respective products;

(e)     Information regarding actual confusion in the marketplace with respect to the geographic origin of Defendants' SIX DEGREES wine and numerous instances of use of the false geographic designations, "Napa" and "Napa Valley" in connection with Defendants' infringing product;

(f)     Information regarding Plaintiff's potential legal claims in the absence of resolution;

(g)     Information establishing Plaintiff's superior priority and dates of first sales in commerce in 27 states; and

(h)     Information establishing Plaintiff's unit sales each year since the inception of Plaintiff's SIX DEGREES mark.

33. Upon information and belief, despite having received voluminous evidence and information about Plaintiff's SIX DEGREES mark and products, Defendants continue to produce, promote, distribute, offer for sale and sell wine bearing the SIX DEGREES mark in the marketplace, selling into multiple states (including California) and shipping to multiple states of the United States, as well as, on the Internet, above Plaintiff's objection, while fully aware of the resulting harm to Plaintiff.

34. Defendants' use of the SIX DEGREES mark on wine has caused actual confusion in the marketplace among consumers, and is likely to continue to confuse and mislead consumers into believing that the Defendants' SIX DEGREES wine is affiliated with, associated with, connected to, or sponsored by Plaintiff or its well-established wine, or alternatively, that Plaintiff's SIX DEGREES wine is affiliated with, associated with, connected to, or sponsored by Defendants or Defendants' wine. Plaintiff is and will

continue to be harmed by such confusion or reverse confusion, as the case may be, and Defendants have and will continue to unjustly benefit from such association.

35. Defendants' infringing use of the SIX DEGREES mark has unjustly increased the profitability of Defendants' SIX DEGREES brand to the detriment of Plaintiff and at no cost to Defendants.

36. Plaintiff will be further harmed as consumers will forego purchase of Plaintiff's SIX DEGREES wine as a result of reputational damage stemming, *inter alia*, from Defendant's use of the mark SIX DEGREES in connection with inferior wine, resulting in a loss of sales to Plaintiff from Defendants' unfair competition.

37. Defendants' continued infringing use of the confusingly identical SIX DEGREES mark will harm Plaintiff financially by diminishing the value of Plaintiff's SIX DEGREES mark and endangering the ability of Plaintiff's SIX DEGREES mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

38. Unless restrained by this Court, Defendants will continue to unfairly compete with Plaintiff by using the SIX DEGREES mark, wherefore Plaintiff is without adequate remedy at law.

39. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

## FIRST CAUSE OF ACTION
### (Trademark Infringement)

40. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

41. Defendants' above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's SIX DEGREES mark in

connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of Defendant's aforesaid goods or services.

42. Despite knowledge of Plaintiff's claim of superior right, priority and continued use of the SIX DEGREES mark, and despite having received evidence of the same, Defendants nevertheless continue to produce, promote, distribute, offer for sale and sell wine under the SIX DEGREES mark in U.S. commerce and within the State of California.

43. The above-averred actions by Defendants constitute trademark infringement and passing off in violation of federal statutory and common law, and the statutory and common law of the State of California.

44. Consumers are and will continue to be confused and misled into believing that the Defendants' SIX DEGREES wine is affiliated with, associated with, connected to, or sponsored by Plaintiff or its SIX DEGREES mark, or alternatively, that Plaintiff's SIX DEGREES wine is affiliated with, associated with, connected to, or sponsored by Defendants or their infringing SIX DEGREES mark, and Plaintiff further alleges that is and will continue to be harmed by such confusion or reverse confusion, and Defendants have and will continue to unjustly benefit from such confusion or reverse confusion among consumers.

45. Upon information and belief, Defendants' infringing use of the SIX DEGREES mark has unjustly increased the profitability of Defendants' SIX DEGREES brand to the detriment of Plaintiff and at no cost to Defendants.

46. Upon information and belief, Plaintiff will be further harmed as consumers will purchase Defendants' wine branded with the SIX DEGREES mark believing it to be

COMPLAINT                                  11                          CASE NO.

Plaintiff's goods and thereby forego purchase of Plaintiff's goods, resulting in loss of sales to Plaintiff from Defendants' unfair competition.

47. Defendants' continued infringing use of the confusingly similar SIX DEGREES mark will harm Plaintiff financially by diminishing the value of Plaintiff's SIX DEGREES mark and endangering the ability of Plaintiff's SIX DEGREES mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

48. Unless restrained by this Court, Defendants will continue to infringe and otherwise unfairly compete with Plaintiff by using the SIX DEGREES mark, wherefore Plaintiff is without adequate remedy at law and thus is entitled to injunctive relief.

49. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

**SECOND CAUSE OF ACTION**
(Federal Unfair Competition – 15 U.S.C. § 1125(a))

50. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

51. Defendants' above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendants with Plaintiff or as to the origin, sponsorship or approval of the goods offered in connection therewith in violation of 15 U.S.C. § 1125(a).

52. Defendants knew, or should have known of Plaintiff's rights, and Defendants' false description, false representation, and false designation of origin was knowing, willful, and deliberate, making this an exceptional case under 15 U.S.C. § 1117.

COMPLAINT                              12                              CASE NO.

53. Plaintiff has been, and will continue to be damaged by such false description, false representation, and false designation of origin in a manner and amount that cannot be fully measured or compensated in economic terms. Defendants' actions have damaged, and will continue to damage Plaintiff's rights, reputation, goodwill, and may discourage current and potential customers from dealing with Plaintiff. Such irreparable harm will continue unless Defendants' acts are restrained and/or enjoined during the pendency of this action and thereafter.

54. Plaintiff has been damaged by Defendants' actions in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
(Common Law Unfair Competition)

55. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

56. Defendants' above-averred actions constitute trademark infringement, passing off, false designation of origin and unfair competition in violation of the common law of California and the United States of America.

57. Plaintiff has no adequate remedy at law for Defendants' above-stated wrongful acts and thus is entitled to injunctive relief.

**FOURTH CAUSE OF ACTION**
(Derivative Trademark Infringement)

58. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

59. Defendant's above-averred actions and specifically, without limitation, Defendants' knowledge, participation, direction and inducement of the unauthorized use of the SIX DEGREES trademark, and confusingly similar variations thereof, in commerce to

COMPLAINT                                    13                                    CASE NO.

advertise, market, distribute and sell Defendants' SIX DEGREES wine throughout the United States and the State of California, constitute contributory and/or vicarious trademark infringement in violation of federal law and the common law of the State of California. Defendants each have the ability to control the actions of one another, fund the advertising activities of one another, and derive a direct financial benefit from the illegal acts of one another.

60. The actions of Defendants will continue if not enjoined. Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among others, diminution in the value of and goodwill associated with the SIX DEGREES mark, and injury to Plaintiff's business.

61. Upon information and belief, Defendants' above-averred actions were and continue to be deliberate and willful.

## FIFTH CAUSE OF ACTION
(Unfair Business Practices and False Advertising under
Cal. Bus. & Prof. Code § 17200 and § 17500, *et seq*.)

62. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately previous paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

63. Upon information and belief, Defendants' SIX DEGREES wine products and advertising contain misleading "Napa" or "Napa Valley" designations which foster a misperception among consumers that Defendants' SIX DEGREES wine products originate in the Napa County appellation, when in fact such products do not originate from Napa County.

64. Upon information and belief, consumers have been and are continuing to be misled by false or misleading "Napa" and "Napa Valley" designations in connection with Defendants' SIX DEGREES wines.

COMPLAINT                                    14                                    CASE NO.

65. The aforesaid actions of Defendants constitute a violation of the California Business & Professions Code § 25241 and constitute false advertising.

66. Upon information and belief, this is not the first instance that Defendants have violated California Business & Professions Code § 25241 with respect to the use of the "Napa" and/or "Napa Valley" designation.

67. Upon information and belief, Defendants' above-averred actions were and continue to be deliberate and willful.

68. Defendants' above-averred actions, including use of the SIX DEGREES mark, and confusingly similar variations thereof, in commerce to advertise, market, and sell wine throughout the United States, including California; use of the misleading geographic designation "Napa" or "Napa Valley"; their omissions and failure to correct misrepresentations regarding the origin, nature and quality of Defendants' SIX DEGREES wine constitute unlawful, unfair or fraudulent business acts or practices, false advertising and unfair competition in violation of Cal. Bus. & Prof. Code § 17200 and § 17500, *et seq.*, and as a result Plaintiff has suffered and will continue to suffer damage to its business, reputation and goodwill.

69. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial, and, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage.

**SIXTH CAUSE OF ACTION**
(Cancellation of Trademark Reg. No. 4407566)

70. Plaintiff restates and reavers the allegations of Paragraphs 1 through the immediately preceding paragraph, inclusive, and the acts of Defendants asserted therein as if set forth in full as part of this Cause of Action.

71. Plaintiff contends that Defendants' use is infringing and Defendants' federal

COMPLAINT                                  15                              CASE NO.

registration of SIX DEGREES for wine is invalid as void *ab initio*, and that the registration is therefore unenforceable, such that Plaintiff has the superior right as the prior user and proper registrant of the mark SIX DEGREES for wine, and that Defendant Bronco has improperly registered the mark with the USPTO despite knowledge of its lack of priority to the mark, which registration should therefore be canceled.

72. Plaintiff contends that its use of the mark SIX DEGREES in interstate commerce prior to the application date of Defendant Bronco acts as a bar to Bronco's federal registration and therefore renders corresponding Reg. No. 4407566 void *ab initio* and/or otherwise invalid because Defendants' purported SIX DEGREES mark does not qualify for lawful use in commerce, nor federal registration pursuant to the Trademark Act, Section 2(d).

73. Based upon the foregoing, Plaintiff is entitled to an Order canceling federal Reg. No. 4407566.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1. That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

   a. Using the mark SIX DEGREES or any term or mark confusingly similar to the SIX DEGREES mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of alcohol beverage products, or products or services related to alcohol beverage products;

    b.     Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and Defendant are one in the same, or are in some way connected, or that Plaintiff is a sponsor of Defendants, or that the goods of Defendants originate with Plaintiff, or that Defendants are a sponsor of Plaintiff, or that the goods of Plaintiff originate with Defendants, or that the SIX DEGREES goods of Defendants are from Napa, California, or any other acts which are likely to lead the trade or public to associate Defendants with Plaintiff, or Plaintiff with Defendants;

2.     That Defendants be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3.     That Defendants, their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, caps, neckers, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4.     That Defendants be ordered to recall all infringing products bearing the SIX DEGREES mark in the marketplace from retailers;

5.   That Defendants be ordered to disgorge their wrongful profits or otherwise pay to Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's SIX DEGREES mark, in an amount to be determined at trial;

6.   That Plaintiff's damages award be trebled and that Defendants be ordered to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7.   That Plaintiff be awarded punitive damages as a result of Defendants' conduct;

8.   That U.S. Trademark Registration No. 4407566 be cancelled and otherwise removed from the USPTO Register; and

9.   That Plaintiff be granted such other and further relief as this Court shall deem just and proper on the merits.

Dated: December 2, 2016

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By
Christopher J. Passarelli
Joy L. Durand

1455 First Street, Ste. 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
JC Waugh Wine Company, LLC

COMPLAINT                           18                    CASE NO.

1 | DEMAND FOR JURY TRIAL

2

3 | Plaintiff hereby requests a trial by jury in this matter.

4

5 | Dated: December 2, 2016

6 | Respectfully submitted,

7 | DICKENSON, PEATMAN & FOGARTY

8

9

10 | By _____
Christopher J. Passarelli
Joy L. Durand

11

12 | 1455 First Street, Ste. 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

13

14 | Attorneys for Plaintiff,
JC Waugh Wine Company, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                         19                         CASE NO.